[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 10926
By motion dated July 29, 1996, the defendant, Allstate Insurance Company, seeks to dismiss the Third Count of the Complaint for the reason that the claim against Allstate is not ripe and, therefore, the court lacks subject matter jurisdiction over that claim. In this action the plaintiff has sued Kenneth Amara, the alleged tortfeasor, as well as her own insurance carrier, Allstate, under the uninsured/underinsured motorist provision of her; insurance policy.
Allstate bases the Motion to Dismiss on the case ofContinental Insurance Company v. Cebe-Habersky, 214 Conn. 209,571 A.2d 104 (1990), in which the Connecticut Supreme Court held that a claimant's access to underinsured motorist insurance first requires the payment of the limits of the liability policy of the tortfeasor. That decision was based on § 38a-336 (b), which provides in pertinent part:
 An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage.
In the subsequent case of McGlinchey v. Aetna Casualty Surety Co., 224 Conn. 133, 617 A.2d 445 (1992), the Court clarified the holding in Continental Insurance Companyv. Cebe-Habersky by stating that "[t]he sole issue decided in that case was that, under the applicable statute, an insured had forfeited his underinsured motorist coverage by settling his claim against the tortfeasor in an amount less than the limit of the tortfeasor's liability coverage." 224 Conn. at 139.
In McGlinchey, the policy required the insured to make a demand for arbitration within two years of the date of the accident, January 24, 1987. The insured brought a lawsuit against the tortfeasor on October 12, 1988. Through discovery, the insured learned on March 1, 1989, that the tortfeasor's limit of CT Page 10927 liability insurance was $20,000. On March 9, 1989, the insured demanded, pursuant to the underinsured motorist provisions of her insurance contract, that the insurer submit to arbitration of her claim to collect benefits for damages in excess of the tortfeasor's liability limits. The arbitrators awarded $200,000 to the insured. The insurer moved to vacate the award on the grounds that the insured had not commenced the arbitration within two years from the date of the accident. The trial court vacated the award.
The Court in McGlinchey rejected the argument that the time for filing a demand for arbitration should run from the date of the discovery of the tortfeasor's underinsured status, rather than the date of the accident. The plaintiff apparently argued that using the date of the accident as the start of limitation period could produce an unjust result because the limitation period could pass before she could determine the uninsured status of the tortfeasor. The Court responded:
 Enforcement of the two year time limitation does not impose an insuperable burden on an insured, because a demand for arbitration can be timely filed even while claims against the tortfeasor are being pursued in another forum. Continental Ins. Co. v. Cebe-Habersky, 214 Conn. 209, 571 A.2d 104
(1990), did not hold that a claim against a tortfeasor and an arbitration action against an insurer cannot be initiated simultaneously.
Emphasis added. 224 Conn. at 141, fn. 7.
If there is no prohibition against simultaneous arbitration against the insurer and court action against the tortfeasor, then there should be no prohibition against simultaneous actions in court against the tortfeasor and the insurer. The plaintiff's right to recover from the insurer could be lost as it was inMcGlinchey if simultaneous proceedings were prohibited. The limitation period in the insurance policy could pass before the conclusion of the plaintiff's action against the alleged tortfeasor. Moreover, actions against an insurer pursuant to uninsured/underinsured coverage invariably involve evidence as to the conduct of the tortfeasor. Therefore, the joinder of the action against the alleged tortfeasor and that against the insurer serve the ends of judicial economy. CT Page 10928
For the foregoing reasons the Motion to Dismiss is denied.
By the court,
Aurigemma, J.